# In the United States Court of Federal Claims

No. 23-1305

Filed: August 16, 2023

|  |
|---|
| **MICHAEL CORKER,** <br><br> *Plaintiff,* <br><br> v. <br><br> **THE UNITED STATES,** <br><br> *Defendant.* |

## OPINION AND ORDER

**TAPP, Judge.**

Pro se Plaintiff, Michael Corker ("Mr. Corker"), seeks $330 million arising from civil rights violations, violations of his constitutional rights, food poisoning, irritable bowel syndrome ("IBS"), and medical care received at a Florida state mental hospital. (Compl. at 3–5, ECF No. 1). Mr. Corker also seeks to proceed *in forma pauperis* ("IFP application") listing his income as "[Supplemental Security Income] disability deposit." (ECF No. 2). For good cause shown, the Court grants Mr. Corker's IFP application; but the Court dismisses the Complaint under RCFC 12(h)(3) for lack of subject-matter jurisdiction.

Determining whether a court has subject-matter jurisdiction is a threshold issue in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act establishes the Court with jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Even though pro se pleadings are read more liberally than those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se plaintiffs are still required to meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The Court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As an initial matter, Mr. Corker named the State of Florida, Florida Department of Probation and Parole, Florida State Hospital, and Redhills Psychology Associates as defendants, not the United States. (Compl. at 3–4). It is well-established that the United States is the only proper defendant in the Court of Federal Claims. RCFC 10(a); *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Mr. Corker's claims do not implicate the United States, only "defendants act[ing] under the color of law as state agencies and officials[.]" (Compl. at 3–4). However, the

Court "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees[.]" *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citing *Sherwood*, 312 U.S. at 588).

Further, Mr. Corker claims the listed defendants violated 18 U.S.C. §§ 241, 242, criminal statutes addressing conspiracy against rights and deprivation of rights under color of law, respectively. (Compl. at 3). The Court lacks jurisdiction over criminal claims. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]"). Mr. Corker also invokes the Fifth and Fourteenth Amendments, (Compl. at 3); the Court reads this liberally to implicate the Fifth and Fourteenth Amendment Due Process and Equal Protection Clauses. *See Haines*, 404 U.S. at 520–21. It is also well-settled that these constitutional provisions are not money-mandating and cannot trigger the Court's jurisdiction under the Tucker Act. *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (Fifth Amendment's Due Process and Equal Protection clauses not money-mandating); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment's Due Process and Equal Protection clauses not money-mandating).

Finally, Mr. Corker claims he suffered from food poisoning, IBS, and medical treatment "at a medical facility outside of Florida State Mental Hospital." (Compl. at 4). The Court interprets these claims to allege tortious acts of assault, battery, and false imprisonment. *See Haines*, 404 U.S. at 520–21. However, this Court cannot hear claims sounding in tort, 28 U.S.C. § 1491(a)(1), including assault, battery, and false imprisonment. *Johnson v. United States*, No. 23-519, 2023 WL 3000823, *3 (Fed. Cl. Apr. 19, 2023) ("any claims for assault, battery, or false imprisonment (kidnapping) the plaintiff might have suffered while undergoing medical treatment are not within the court's jurisdiction because they are tort claims."). Accordingly, the Court lacks subject-matter jurisdiction, and they must be dismissed.

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis,* (ECF No. 2), is **GRANTED**. However, the Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk's Office is **DIRECTED** to enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge